**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

GEORGE RILEY,

             Plaintiff

       v.

UNITED STATES OF AMERICA,

             Defendant.

CIVIL ACTION NO. 3:24-CV-02250

(MEHALCHICK, J.)

## MEMORANDUM

Plaintiff George Riley, a prisoner proceeding *pro se*, filed a complaint alleging that he was assaulted by officers at USP Canaan and asserting a claim under the Federal Tort Claims Act. (Doc. 1). Defendant United States of America has filed a "Motion to Dismiss and/or for Summary Judgment." (Doc. 12). Because the complaint sufficiently states a claim for relief, and because summary judgment prior to discovery would be premature, the motion will be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Riley's complaint alleges as follows: On March 29, 2023, in the Special Housing Unit at USP Canaan, Riley was pulled from his cell by correctional officers R. Swift and Voda, who escorted him to the shower in restraints. These officers allegedly "repeatedly punch[ed Riley] in the upper torso/head and face." Riley alleges that because of this assault, he sustained fractures to his nose and skull and lost vision in his left eye. Although the complaint referred to alleged violations of the Eighth Amendment, Riley checked a box on the complaint form to indicate that the case was a "Negligence Action under the Federal Tort Claims Act . . . against the United States." *See* (Doc. 1 at 1).

The Court directed service of the complaint on defendant United States (Doc. 5), which filed the instant motion. The motion confirms that Riley filed an administrative tort claim pertaining to this incident. The defendant has also submitted evidence extrinsic to the complaint, including Bureau of Prisons ("BOP") records pertaining to the incident. Through this evidence, the defendant contends that on the day in question, an officer found Riley banging his head against a shower wall, after which Riley assaulted another inmate while the officer was trying to restrain Riley. As a result, another officer deployed "two[] 5-8 round volleys from a .68 caliber pepper ball launcher." The BOP initially recorded Riley as sustaining a "minor left eye injury," but he was later taken to a hospital and diagnosed with fracture of his nose and left orbital wall. *See generally* (Doc. 13).

The defendant seeks summary judgment, arguing that the evidence establishes the force used against Riley was reasonable and that he cannot sustain any tort claim. In the alternative, the defendant requests dismissal pursuant to Federal Rule of Procedure 12(b)(6), arguing that Riley's complaint is too "vague and conclusory" to sustain a claim. In response to the motion, Riley filed a letter arguing, among other points, that "any expert could confirm" that he did not sustain his injuries in the manner the defendant describes, and that evidence would show that the officers "are know[n] for assaulting inmates." *See* (Doc. 19).

## II.    SUMMARY JUDGMENT

"If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007). While the "proper course" for a non-movant to request additional discovery is a motion pursuant to Federal Rule of Civil Procedure 56(d), *see Abington Friends*, 480 F.3d at 257, the relief is properly granted if the parties' arguments

demonstrate the need for discovery. *See*, *e.g.*, *Wilson v. United States*, 79 F.4th 312, 315-16, 320 (3d Cir. 2023) ("Wilson . . . continued to assert in his opposition to summary judgment that he could later present expert testimony and that he should be permitted to seek discovery . . . The District Court therefore erred in granting pre-discovery summary judgment.").

Here, Riley's argument that expert testimony and other evidence can support his claim suggests that the case should proceed to discovery. Although the defendant argues that the BOP's own records "demonstrate[] that [Riley's] allegations . . . are without merit and false,"[1] that conclusion relies on the assumption that the BOP's records must be accepted as credible and Riley's contrary allegations are not credible. On a request for summary judgment, the Court cannot "weigh the evidence or make credibility determinations," *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014) (citation omitted), nor can it assume that Riley will be unable to present contrary evidence. Accordingly, summary judgment prior to discovery is not appropriate in this case.

## III.    DISMISSAL PURSUANT TO RULE 12(B)(6)

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken

---

[1] The defendant also argues that Riley's failure to complain of staff assault to outside medical providers shows that his allegations are fabricated. But these providers acknowledged that Riley's injuries were caused by "traumatic" impact to his face, so it is unclear why identifying the perpetrator would have been relevant to his treatment. *See*, *e.g.*, (Doc. 13-5 at 51 (diagnosing "traumatic optic neuropathy"); Doc. 13-5 at 109 ("Patient was hit in face 1 week ago")).

as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien &*

*Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted).

Here, the defendant argues that Riley "does not provide any information regarding the assault other than his statements to an emergency room doctor," and his allegations are "so speculative and vague" that they cannot support a negligence claim. However, Riley's complaint plainly alleges the date and location of the incident, the officers involved, the actions they allegedly took ("repeatedly punching me in the upper torso/head and face"), and the injuries these actions allegedly caused, with reference to several pages of attached medical records. *See* (Doc. 1, Doc. 1-1). The defendant cannot compel dismissal by pointing to additional facts that Riley could have pleaded, or by asserting that "[t]here is no evidence" to support Riley's allegations (Doc. 14 at 15-17). *See Schuchardt*, 839 F.3d at 347-48 ("Courts cannot inject evidentiary issues into the plausibility determination . . . This includes the weighing of facts or the requirement that a plaintiff plead 'specific facts' beyond those necessary to state a valid claim.") (citation omitted).

## IV.    CONCLUSION

Accordingly, the defendant's motion will be denied, and the case will proceed to discovery. An appropriate order follows.

Dated: February 25, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**